UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KATHERINE JACOBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:18-cv-00024 |
| | ) |
| JOHNSON STORAGE & | ) |
| MOVING CO. HOLDINGS, L.L.C., | ) |
| a Colorado limited liability company, | ) |
| | ) |
| Defendant. | |

**MEMORANDUM AND ORDER**

Plaintiff brings this four-count lawsuit against her former employer, defendant Johnson Storage & Moving Co. Holdings, L.L.C. ("Johnson"). Johnson has moved to dismiss. The matters have been fully briefed and are ripe for disposition.

**I.     Factual Background**

In March 2017, plaintiff and defendant entered into an agreement under which defendant agreed to pay plaintiff $29 per hour; in return, plaintiff was to create and establish Johnson's "ITGBL" Operations Department for the purpose of providing international moving services to military personnel.

Plaintiff was to have the ITGBL operations department operational by May 15, 2017. By that date, plaintiff needed to negotiate shipping rates, build vendor lists, find ports and trucking companies, and find overseas agents. During the first bimonthly pay period, plaintiff recorded 4.87 hours of overtime. Shortly thereafter, her supervisor contacted her to

1

inform her that Johnson had noticed her overtime hours and would let plaintiff know if and when overtime was approved. Until such time, it was agreed that plaintiff should do what was required to make the department operational while minimizing the amount of overtime she worked. Following her supervisor contacting her, plaintiff "routinely worked more, and recorded less, overtime to accomplish all tasks assigned to and required of her." (#1 at 6.) This continued until August 17, 2017.

On August 17, 2017 plaintiff's supervisor scheduled a work performance meeting. During the conference call, plaintiff talked to both her immediate supervisor and a Human Resources representative for defendant. The conversation proceeded as follows: Plaintiff was asked to listen to a list of items without interruption, at the end of which she would be given opportunity to respond. Plaintiff was told that she had consistently failed to address concerns about limiting overtime hours. Plaintiff was also told she gave allegedly deficient customer service, inasmuch that her superiors had received three complaints from one of the defendant's vendors. Finally, plaintiff was told that she had allegedly responded in an untimely manner to customer requests. Without waiting for plaintiff to respond, her supervisor terminated her employment.

Plaintiff filed this four-count lawsuit on January 5, 2018. Count I is for retaliation in violation of the FLSA. Count II is for wrongful discharge in violation of Missouri Public Policy. Counts III and IV are overtime claims in violation of FLSA and MMWL.

## II.    Legal Standard

Defendant has moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss for failure to

2

state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content. . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678.

## III. Discussion

Each count is discussed in turn below.

### A. Count I – Retaliation in violation of the FLSA

In order to demonstrate a prima facie case of retaliation under the FLSA, a plaintiff must show, "(1) she participated in a statutorily protected activity, (2) [defendant] took adverse employment action against her, and (3) there was a causal connection between [plaintiff]'s statutorily protected activity and the adverse employment action." *Montgomery v. Hanover,* 700 F.3d 1146,1149 (8th Cir. 2012).

3

Defendant contends that Count I should be dismissed because plaintiff was not engaged in a protected activity. The FLSA protects only specifically enumerated activities: filing a complaint, instituting or causing to be instituted any preceding under or related to the FLSA; testifying in any such proceeding; or serving on an industry committee. 29 U.S.C. § 215(a)(3). Plaintiff alleges that she was fired in retaliation for making informal oral and written complaints to her immediate supervisor concerning her workload and time constraints. Defendant contends that plaintiff's oral complaints to her supervisor do not constitute "filing a complaint" as required by the FLSA in that: 1) the complaints were oral rather than written and filed, and 2) the complaints were not sufficiently clear or detailed enough to constitute an assertion of rights.

The fact that some or most of plaintiff's complaints were made orally rather than written and filed is not dispositive of whether or not she "filed a complaint" within the purview of the FLSA. *See Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011). Even an oral complaint may suffice so long as it is "sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Id*. Plaintiff does not allege that her oral or written complaints, however, were framed in terms of an assertion of rights or a potential FLSA violation. Notably, FLSA retaliation protects are not as broad as the anti-retaliation

provision found in Title VII of the Civil Rights Act of 1964. *Bartis v. John Bommarito Oldsmobile-Cadillac, Inc.*, 626 F. Supp. 2d 994, 1000 (E.D. Mo. 2009). This Court has previously dismissed FLSA retaliation claims that alleged only informal workplace complaints. *See, e.g.*, *id.* Because plaintiff has not alleged a statutorily protected action, Count I will be dismissed without prejudice.

### B. Count II – Wrongful Discharge

Plaintiff claims she was wrongfully discharged for complaining about defendant's unlawful pay practices in violation of the public policy exception to the Missouri at-will employment doctrine. Defendant contends that such a common-law cause of action is no longer available to plaintiff in light of Missouri's 2017 adoption of the Whistleblower's Protection Act ("WPA"), which states that it "is intended to codify the existing common law exceptions to the at-will employment doctrine…[and] shall provide the exclusive remedy for any and all claims of unlawful employment practices." § 285.575.3 RSMo.

Even if the WPA were not retroactively applied, defendant argues neither version of the law protects an employee who reports the alleged unlawful conduct to the person alleged to have acted unlawfully. That is, under either statutory or common law, it is not "whistleblowing" if an employee complains only to the person acting unlawfully. *See* § 285.575.2(4)(b); *Drummond v. Land Learning Found.*, 358

S.W.3d 167, 171 (Mo. App. 2011) ("However, a report of wrongdoing to the wrongdoer is insufficient to invoke the whistleblowing public policy exception.").

Plaintiff alleges that she complained about the overtime policy to the supervisor who communicated the allegedly unlawful policies and eventually fired her. As such, plaintiff's reports do not constitute whistleblowing within the public policy exception to the Missouri at-will employment doctrine or within the WPA, as her complaints were not made to the proper authority. Count II must be dismissed.

### C. Counts III & IV – Overtime

Plaintiff claims defendant failed to pay her overtime in violation of both the FLSA and MMWL. Section 290.505 RSMo addresses overtime compensation in Missouri: "This section shall be interpreted in accordance with the Fair Labor Standards Act, 29 U.S.C. Section 201, et. seq., as amended, …, and any regulations promulgated thereunder." § 290.505.4 RSMo. Therefore, Counts III and IV may be considered together.

Defendants argue that plaintiff's allegations are factually deficient, and therefore unable to survive a motion to dismiss. In support, defendants cite *Landers v. Quality Commc'ns, Inc.*, which held plaintiff "must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week." 771 F.3d 638, 644-46 (9th Cir. 2014). Although not controlling authority in the Eighth Circuit, at least three district courts in this

circuit, including this Court, have applied the Landers standard and accepted allegations where the plaintiff identifies "(1) policies that support their overtime claim, and (2) pay periods for which plaintiffs were not paid sufficient overtime (with supporting time record information)." *Terrell v. First Student Mgmt.*, No. 4:16-cv-481-SNLJ, 2016 WL 6679847, at *3 (E.D. Mo. Nov. 14, 2016); *see also Wegat v. Prosteam Carpet Care, LLC*, No. 4:16-cv-1931-HEA, 2017 WL 3458368, at *3 (E.D. Mo. Aug. 11, 2017); *see also Shoots v. iQor Holdings US Inc.*, 15-CV-563 (SRN/SER), 2015 WL 6150862, at *15 (D. Minn. Oct. 19, 2015).

Defendant appears to argue that plaintiff must specify the amount of overtime she worked for specific pay periods. In *Terrell*, the plaintiffs alleged the defendant failed to keep accurate records of hours worked, willfully violated Missouri statute, and failed to pay plaintiffs for time spent working on preliminary, postliminary, and "dead time" activities. *Terrell*, 2016 WL 6678947, at *2. This Court found the plaintiffs' pleading factually deficient where they alleged a policy of failing to keep accurate hours and failing to pay overtime, but they offered no factual support for how this looked in practice for any specific plaintiff. *Id.* at *3.

Here, plaintiff's complaint alleges that in multiple weeks she worked overtime hours in excess of what she recorded. (#1 at ¶ 24.) Plaintiff identifies specific pay periods for which she recorded some overtime but did not record all her overtime. (*Id.* ¶¶ 25, 26.) In *Landers*, "none of the plaintiffs alleged that the extra hours were in

7

fact worked during a typical forty-hour workweek." 771 F.3d at 644. In *Terrell*, the plaintiffs did not allege "specific facts regarding weeks for which overtime was improperly withheld." *Terrell*, 2016 6679847, at *3. Plaintiff's complaint does not suffer from those defects. Counts III and IV will not be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant, Johnson Storage & Moving Co. Holdings, L.L.C.'s motion to dismiss (#7) is **GRANTED in part and DENIED in part.**

**IT IS FINALLY ORDERED** that Counts I and II are **DISMISSED** without prejudice.

Dated this 19th day of September, 2018.

_____
  STEPHEN N. LIMBAUGH, JR.
  UNITED STATES DISTRICT JUDGE