**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **KATHERINE JACOBS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.:  4:18-cv-00024-SRC** |
| | ) | |
| **JOHNSON STORAGE & MOVING CO.** | ) | |
| **HOLDINGS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT</u>**

## TABLE OF CONTENTS

**PAGE**

I.     INTRODUCTION ........................................................................................... 1

II.    ARGUMENT ................................................................................................. 2

    A.    Legal Standard ................................................................................... 2

    B.    Johnson Storage is Entitled to Summary Judgment on Plaintiff's FLSA
        Retaliation Claim ............................................................................... 3

        1.    Plaintiff Cannot Establish a Prima Facie Case of FLSA Retaliation
            Because She Did not Engage in Protected Activity ................................... 4

        2.    Plaintiff Was Terminated For Legitimate Non-Retaliatory Reasons
            and Plaintiff Cannot Establish The Reasons for Her Termination
            Were Pretext ......................................................................................... 9

    C.    Johnson Storage is Entitled to Summary Judgment on Plaintiff's Common
        Law Wrongful Discharge Claim ......................................................... 11

        1.    Plaintiff's Termination Was Permissible Under the FLSA and
            MMWL and therefore her Wrongful Discharge Claim Fails .................. 12

        2.    Plaintiff's Alleged Failure to Follow a Directive to Underreport
            Hours Cannot Form the Basis of a Claim for Wrongful Discharge
            in Violation of Public Policy ................................................................. 13

        3.    Plaintiff Cannot Establish Her Alleged Complaints to Messrs.
            Hindman, Hiles or Zabokrtsky Was Causally Connected to Her
            Termination ........................................................................................... 16

    D.    Johnson Storage is Entitled to Summary Judgment for Plaintiff's Claims
        for Unpaid Overtime Because They Fail Under the FLSA and MMWL ........... 17

        1.    Plaintiff Cannot Meet Her Burden of Showing Johnson Storage
            Knew or Should Have Known about Her Unreported Work Time ........ 17

        2.    Plaintiff Cannot Meet Her Burden of Showing the Amount of
            Unpaid Overtime as a Matter of Just and Reasonable Inference ............ 20

III.    CONCLUSION ............................................................................................ 22

i.

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bailey v. New Age Distrib.*,
   No. 4:18-cv-00538, 2019 U.S. Dist. LEXIS 202032 (E.D. Ark. Nov. 21, 2019)...................21

*Bartis v. John Bommarito Oldsmobile-Cadillac, Inc.*,
   626 F. Supp. 2nd 994 (E.D. Mo. 2009)...............................................................................15

*Battle v. DIRECTV*,
   No. 2:14-cv-02007-AKK, 2017 U.S. Dist. LEXIS 148790 (N.D. Ala. Sept. 14,
   2017) .............................................................................................................................18, 22

*Cage v. Multiband, Inc.*,
   No. 1:12-cv-87-SNLJ, 2015 U.S. Dist. LEXIS 18971 (E.D. Mo. Feb. 18,
   2015) .............................................................................................................................17, 18

*Carmody v. Kansas City Bd. of Police Comm'rs*,
   713 F.3d 401 (8th Cir. 2013) ............................................................................................2, 3

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986)...............................................................................................................3

*Drummond v. Land Learning Found.*,
   358 S.W.3d 167 (Mo. Ct. App. 2011)..................................................................................12

*Engelhardt v. Qwest Corp.*,
   918 F.3d 974 (8th Cir. 2019) ........................................................................................10, 11

*Fezard v. United Cerebral Palsy of Cent. Arkansas*,
   809 F.3d 1006 (8th Cir. 2016) .............................................................................................10

*Fleshner v. Pepose Vision Inst., P.C.*,
   304 S.W.3d 81 (Mo. 2010) ...........................................................................................11, 12

*Grey v. City of Oak Grove*,
   396 F.3d 1031 (8th Cir. 2005) .......................................................................................4, 9, 11

*Harvill v. Westward Commc'ns, LLC*,
   433 F.3d 428 (5th Cir. 2005) ...............................................................................................20

*Hertz v. Woodbury County, Iowa*,
   566 F.3d 775 (8th Cir. 2009) ...............................................................................................17

i.

**TABLE OF AUTHORITIES**
(CONTINUED)

PAGE

*Holaway v. Stratasys, Inc.*,
   771 F.3d 1057 (8th Cir 2014) ........................................................................3, 20

*Jacobs v. Johnson Storage & Moving Co. Holdings, LLC*,
   No. 4:18-cv-000024, 2018 U.S. Dist. LEXIS 159877 (E.D. Mo. Sept. 19,
   2018) ................................................................................................................4, 12

*Kasten v. Saint-Gobain Performance Plastics Corp.*,
   563 U.S. 1 (2011) ..............................................................................................6, 8

*Landaeta v. N.Y. & Presbyterian Hosp., Inc.*,
   No. 12-cv-4462-JMF, 2014 U.S. Dist. LEXIS 27677 (S.D.N.Y. Mar. 4, 2014) ......................8

*Lindsay v. Clear Wireless LLC*,
   No. 13-834-DSD-FLN, 2016 U.S. Dist. LEXIS 31663 (Mar. 10, 2016)................................21

*Margiotta v. Christian Hosp. Ne. Nw.*,
   315 S.W.3d 342 (Mo. 2010) ...................................................................................12

*McDonnell Douglas Corp. v. Green*,
   411 U.S. 792 (1973)................................................................................................4

*Montgomery v. Havner*,
   700 F.3d 1146 (8th Cir. 2012) .............................................................................3, 8

*Ritchie v. St. Louis Jewish Light*,
   630 F.3d 713 (8th Cir. 2011) ..........................................................................5, 9, 13

*Schlereth v. AMS Servs., LLC*,
   No 4:16-cv-236, 2017 U.S. Dist. LEXIS 44179 (E.D. Mo. Mar. 27, 2017)............................8

*Shrable v. Eaton Corp.*,
   695 F.3d 768 (8th Cir. 2012) ...................................................................................6

*Spencer v. Barton Cnty. Ambulance Dist.*,
   No. 16-05083-CV-SW-RK, 2017 U.S. Dist. LEXIS 217150 (W.D. Mo. Sept.
   13, 2017) ........................................................................................................4, 6, 10

*Stubbs v. Ford Motor Co.*,
   No. 05-0923-CV-W-FJG, 2008 WL 926404 (W.D. Mo. Mar. 31, 2008)................................6

*Szewcyzyk v. UPS*,
   No. 2:19-cv-01109, 2019 U.S. Dist. LEXIS 182998 (E.D. Pa. Oct. 22, 2019) ........................7

TABLE OF AUTHORITIES
(CONTINUED)

PAGE

*Weng v. Washington Univ.*,
480 S.W.3d 334 (Mo. Ct. App. 2015)......................................................................16

*White v. Baptist Mem'l Health Care Corp.*,
699 F.3d 869 (6th Cir. 2012) ..................................................................................19

*Zasaretti-Becton v. Habitat Co. of Mo., LLC*,
No. 4:12-cv-587-DDN, 2012 U.S. Dist. LEXIS 87592 (E.D. Mo. June 25,
2012) ......................................................................................................................15

*Zhou v. IBM*,
No. 15-cv-1027-LRR, 2017 U.S. Dist. LEXIS 48547 (N.D. Iowa Mar. 31,
2017) .........................................................................................................19, 20, 22

**Statutes**

Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ............................................. *passim*

Missouri Minimum Wage Law, §290.500 RSMo. *et seq.* ..................................... *passim*

**Other Authorities**

FED. R. CIV. P. 56(a) ..................................................................................................2

iii.

## I.      INTRODUCTION

Plaintiff Katherine Jacobs is a former move coordinator/analyst in the department of Defendant Johnson Storage that coordinated international military moves.  She worked remotely from her home in O'Fallon, Missouri, far from Johnson Storage's headquarters in Colorado. Plaintiff admits that she was the one who punched in and out on Johnson Storage's timekeeping system and she understood Johnson Storage's timekeeping policy required that her time punches be accurate.  Despite the fact that Johnson Storage requires prior approval to work overtime and her own supervisor told her to limit her overtime and watch her overtime, Plaintiff worked and recorded 171.71 hours of overtime during her short 5-month tenure with Johnson Storage.  Plaintiff was terminated because:  (i) she continued to work more overtime hours than authorized by her supervisor, Tina Heaney; (ii) Ms. Heaney received a written complaint from one of Johnson Storage's agents about Plaintiff ranting and raving and her curt, unprofessional manner; and (iii) agents and vendors had reached out to Ms. Heaney and Plaintiff's co-worker, Diana Miller, requesting paperwork or information because they had not received a response from Plaintiff.

Plaintiff has sued Johnson Storage alleging:  retaliatory discharge in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") (Count I); wrongful discharge in violation of Missouri public policy (Count II); failure to pay overtime in violation of the FLSA (Count III); and failure to pay overtime in violation of the Missouri Minimum Wage Law, §290.500 RSMo., *et seq.* ("MMWL") (Count IV).

Johnson Storage is entitled to summary judgment on each of Plaintiff's four counts. Plaintiff's FLSA retaliation claim fails for two independent reasons:  (1) Plaintiff did not engage in any activity protected by the anti-retaliation provision of the FLSA, and (2) Johnson Storage terminated Plaintiff for legitimate, non-retaliatory reasons and Plaintiff cannot prove that Johnson Storage's stated reasons for her termination are pretextual.

Plaintiff's claim for wrongful discharge in violation of Missouri public policy fails for three independent reasons:  (1) Plaintiff cannot demonstrate that her discharge violated the public policy mandated in the FLSA and MMWL because her termination was permissible under those statutes; (2) Plaintiff did not refuse to perform an illegal action; and (3) Plaintiff cannot demonstrate that her discharge was causally connected to her alleged complaints to Messrs. Hindman, Hiles and Zabokrtsky.

Finally, Johnson Storage is entitled to summary judgment on Plaintiff's claims for unpaid overtime (Counts III and IV) for two independent reasons.  First, the undisputed facts demonstrate that Plaintiff regularly used Johnson Storage's timekeeping system to record overtime hours, she was paid for all those hours, and she never told anyone at Johnson Storage that she was working off the clock.  Consequently, Plaintiff cannot meet her burden of showing that Johnson Storage knew or should have known that she was working additional hours of overtime over and above the large number of overtime hours that she was recording each week.  Second, Plaintiff admits that she did not keep notes of the hours she allegedly worked and did not report.  While she worked with her attorney to answer an interrogatory regarding the number of unreported hours, at her deposition she could not explain how she arrived at her estimate and admitted she had no recollection of the hours she worked.  Consequently, she cannot show the number of hours she worked and was not paid for as a matter of just and reasonable inference as required by controlling Eighth Circuit authority.

## II.    ARGUMENT

### A.    Legal Standard.

Summary judgment is required if "there is no genuine dispute as to any material fact" and Johnson Storage is "entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *Carmody v. Kansas City Bd. of Police Comm'rs*, 713 F.3d 401, 404 (8th Cir. 2013).  Summary judgment is

properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

Johnson Storage has the initial burden of showing there is no genuine issue of material fact, which it can do simply by stating there is an absence of evidence to support essential elements of Plaintiff's case. *See Celotex*, 477 U.S. at 325. "The non-moving party must substantiate his allegations by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." *Holaway v. Stratasys, Inc.*, 771 F.3d 1057, 1059-60 (8th Cir 2014) (affirming grant of summary judgment in favor of employer on FLSA claim where plaintiff "failed to come forward with sufficient evidence to show the amount and extent" of the unpaid work) (internal citations and quotations omitted). "A complete failure to prove an essential element of the [plaintiff's] case renders all other facts immaterial." *Carmody*, 713 F.3d at 404, 407 (affirming summary judgment in favor of employer where employees failed to "identify any record of evidence showing actual damages from unpaid work in excess of forty hours per week, in violation of the FLSA") (internal citations and quotations omitted).

As shown below, Johnson Storage is entitled to judgment as a matter of law on all four of Plaintiff's Counts.

### B.   Johnson Storage is Entitled to Summary Judgment on Plaintiff's FLSA Retaliation Claim.

In order to establish a prima facie case of retaliation under the FLSA, a plaintiff must show: "(1) she participated in a statutorily protected activity, (2) [defendant] took adverse employment action against her, and (3) there was a causal connection between [plaintiff]'s statutorily protected activity and the adverse employment action." *Montgomery v. Havner*, 700 F.3d 1146, 1149 (8th Cir. 2012) (internal citations omitted) (granting summary judgment where there was no evidence

the plaintiff participated in statutorily protected activity where she called to inquire why her supervisor docked time from her time card.  If a plaintiff can demonstrate a prima facie case, under the *McDonnell Douglas* burden-shifting framework, the burden shifts to the defendant to articulate legitimate, non-retaliatory reasons for the termination, and then plaintiff must provide evidence "sufficient to create a genuine issue of material fact" on whether the defendant terminated the plaintiff in retaliation for the protected activity.  *Grey v. City of Oak Grove*, 396 F.3d 1031, 1034-1035 (8th Cir. 2005) (*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Plaintiff must establish her termination "would not have occurred 'but-for' the retaliatory motive." *Spencer v. Barton Cnty. Ambulance Dist.*, No. 16-05083-CV-SW-RK, 2017 U.S. Dist. LEXIS 217150, at *13 (W.D. Mo. Sept. 13, 2017).

### 1. Plaintiff Cannot Establish a Prima Facie Case of FLSA Retaliation Because She Did not Engage in Protected Activity.

As this Court has explained, "[t]he FLSA protects only specifically enumerated activities: filing a complaint, instituting or causing to be instituted any proceeding under or related to the FLSA; testifying in any such proceeding; or serving on an industry committee." *Jacobs v. Johnson Storage & Moving Co. Holdings, LLC*, No. 4:18-cv-000024, 2018 U.S. Dist. LEXIS 159877, at *4 (E.D. Mo. Sept. 19, 2018) (*citing* 29 U.S.C. § 215(a)(3)).  In her First Amended Complaint, Plaintiff asserts that she engaged in activity protected under the FLSA in two different ways:  (1) "she repeatedly complained to Defendant and its executives and agents that she was instructed to under-record the hours she actually worked in violation of federal and state wage and hour laws" and (2) she reported all overtime hours worked in contravention of Ms. Heaney's alleged unlawful directives to under-record hours worked.  *See* First Amended Complaint, Dkt. # 20, ¶¶ 62-63.

With respect to Plaintiff's claim that she engaged in protected activity when she recorded all hours she worked in violation of her supervisor's alleged directive, the Eighth Circuit has

explicitly held that such conduct does not constitute protected activity under the FLSA's anti-retaliation provision.  In *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713 (8th Cir. 2011), the plaintiff alleged that she was terminated in retaliation for insisting on recording her overtime work in contradiction to an instruction from her supervisor to perform the work without recording overtime hours.  *Id*. at 715.  Ms. Ritchie alleged it was impossible to complete the work without working overtime.  *Id.*  As the Eighth Circuit explained, "if merely recording one's overtime is a 'complaint' that triggers the anti-retaliation provision of the FLSA, an employer would not be able to discipline an employee for working unauthorized overtime so long as the employee recorded the overtime." *Id.* at *717.  Consequently, under controlling Eighth Circuit authority, recording overtime does not constitute protected activity under the FLSA.

With respect to Plaintiff's other alleged category of protected activity -- her purported complaints to Johnson Storage that she was instructed to underreport the hours she actually worked in violation of federal and state wage and hour law -- Plaintiff's deposition testimony differed materially from the factual allegations she made in her unverified First Amended Complaint.

At her deposition, Plaintiff was asked about her alleged complaints.  Plaintiff testified that during her employment, she complained to her supervisor, Ms. Heaney, as well as to Mr. Hindman, Mr. Hiles, and Mr. Zabokrtsky.  *See* Def.'s Statement of Uncontroverted Material Facts in Supp. of Def.'s Mot. for Summ. J. (hereinafter "SOF"), at ¶ 155.  Plaintiff testified that she complained to try to get help with her workload.  SOF ¶¶ 68, 168.  She testified she complained that she was working more than eight hours per day.  SOF ¶¶ 130, 157, 161, 163, 165, and 170.  She testified that she reported to Messrs. Hindman, Hiles, and Zabokrtsky that she was working more than eight hours per day and either that Ms. Heaney asked her not to log in hours or asked her not to log in overtime.  SOF ¶¶ 161-165, 167, and 170.  Plaintiff also testified that she asked Ms. Heaney how

it was "legal" for her to work more than eight hours per day.  SOF ¶ 157.  Significantly, Plaintiff testified she did not reported to anyone at Johnson Storage that she was working off the clock or not accurately recording her time.  SOF ¶¶ 122 and 145-146.  Rather, Plaintiff admits she was paid for all hours she recorded.  SOF ¶ 46.

Not all complaints constitute protected activity within the FLSA's anti-retaliation provision.  "To fall within the scope of the anti-retaliation provision, a complaint must be sufficiently <u>clear and detailed</u> for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection."  *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011) (emphasis added).  Plaintiff's complaints are insufficient to meet the "clear and detailed" standard articulated in *Kasten* because Plaintiff did not frame her alleged oral complaints in the context of a potential FLSA violation.

Plaintiff's complaints do not amount to clear and detailed complaints of a FLSA violation. Complaints about terms and status of employment do not transform a discussion into a FLSA complaint.  *Spencer*, 2017 U.S. Dist. LEXIS 217150, at *5; *see also Shrable v. Eaton Corp.*, 695 F.3d 768, 769 (8th Cir. 2012) (upholding summary judgment where plaintiff complained his holiday mealtimes would affect his overtime as bona fide meal periods are not worktime and would have no impact on overtime); *see also Stubbs v. Ford Motor Co.*, No. 05-0923-CV-W-FJG, 2008 WL 926404, at *6 (W.D. Mo. Mar. 31, 2008) (upholding summary judgment where Plaintiff complained about a change in company policy no longer providing overtime to exempt employees but failed to allege it was an illegal practice, thus constituting an "abstract grumbling").  Plaintiff testified she is not sure of the precise wording she used, whether she reported that she was instructed to under-record or that she was instructed not log hours.  SOF ¶¶ 160-162.  It is undisputed Ms. Heaney told Plaintiff she would be advised when she could log overtime, she

needed to reduce her overtime, and she needed to watch her overtime.  SOF ¶¶ 53 and 128.  Plaintiff has not presented credible evidence that her complaints were raising concerns of FLSA violations rather than her issue with a limitation on her authorized overtime in light of what she felt to be an untenable workload.

A recent decision from the United States District Court for the Eastern District of Pennsylvania, *Szewcyzyk v. UPS*, No. 2:19-cv-01109, 2019 U.S. Dist. LEXIS 182998 (E.D. Pa. Oct. 22, 2019), is instructive on this point.  In *Szewcyzyk,* the plaintiff alleged that he "approached his manager and requested that Defendant pay him the compensation that he was owed for working off-the-clock."  *Id.* at *18.  The Court granted the employer's motion to dismiss finding that this complaint was not protected activity because "no reasonable, objective person could have understood him to be asserting rights under the FLSA."  As the District Court noted, the FLSA establishes minimum wage and overtime guarantees and there is no cause of action under the FLSA for non-overtime hours worked for which the employee is not compensated.  *Id.* at *19. Consequently, the District Court found that because the Complaint "alleges only that [plaintiff] complained to his manager that he was not paid for all hours worked and does not allege that he complained that he did not receive overtime that he was due or that he was not paid minimum wage, no reasonable, objective person could have understood him to be asserting rights under the FLSA."  *Id.*  In this case, Plaintiff has not alleged she reported to anyone at Johnson Storage that she was not paid for all hours worked – let alone that she was not paid the overtime she was due or minimum wage.  To the contrary, the evidence reflects that she reported and was properly paid for a substantial amount of overtime hours during her employment with Johnson Storage. Consequently, no reasonable, objective person would have understood Plaintiff's comments to be her asserting rights to overtime pay or minimum wage under the FLSA.

*Landaeta v. N.Y. & Presbyterian Hosp., Inc.*, No. 12-cv-4462-JMF, 2014 U.S. Dist. LEXIS 27677 (S.D.N.Y. Mar. 4, 2014), is also instructive.   In that case, the plaintiff complained to defendant that she was misclassified as an independent contractor.   The District Court granted defendant's motion for summary judgment finding that plaintiff had not engaged in protected activity.   As the Court explained, "misclassification merely means that she was *covered* by the FLSA.   More is needed – such as an allegation that one has been deprived of pay – to make an affirmative assertion of rights protected by the statute."   *Id.* at *25.   Here, in all of Plaintiff's alleged complaints, at most she reported that she was told not log her overtime hours, but she never complained to Johnson Storage that she was deprived overtime pay or minimum wage. Consequently, her complaints did not rise to the level of specificity required to constitute protected activity under the anti-retaliation provision of the FLSA.   *Id., see also Montgomery*, 700 F.3d at 1146 (affirming summary judgment in favor of the employer and holding that a discussion with a supervisor regarding why ten minutes were deducted from her time card did not constitute a sufficiently clear and detailed FLSA complaint to be protected).

Finally, as Judge Limbaugh recently explained, following the Supreme Court's decision in *Kasten*, for an oral complaint to constitute protected activity, there must be some degree of formality, and the employee must either, "alleg[e] a violation under the FLSA or ... assert[] facts that establish a violation."   *Schlereth v. AMS Servs., LLC*, No 4:16-cv-236, 2017 U.S. Dist. LEXIS 44179, *5 (E.D. Mo. Mar. 27, 2017).   In *Schlereth*, the plaintiff alleged he informed the defendant he was not being paid overtime hours, he asked to be paid his overtime hours, and he complained about not being paid appropriate overtime wages on several occasions.   *Id.* **5-6.   Consequently, the plaintiff in *Schlereth* communicated facts that established a FLSA violation – that he was denied overtime pay.   In this case, in contrast, Plaintiff has not alleged she communicated facts

8

that established a FLSA violation because while she alleges she reported she was instructed not to log in overtime hours, she does not allege she told anyone at Johnson Storage that she followed that instruction, she does not allege that she told anyone at Johnson Storage that she was not paid appropriate overtime wages, and, in fact, her time records reflect that she was reporting copious amounts of overtime hours – for which she was paid.  Consequently, Plaintiff's oral complaints are insufficient to establish she engaged in protected activity under the FLSA.

> **2.   Plaintiff Was Terminated For Legitimate Non-Retaliatory Reasons and Plaintiff Cannot Establish The Reasons for Her Termination Were Pretext.**

Assuming *arguendo*, Plaintiff could establish a prima facie case, Johnson Storage has provided legitimate, non-retaliatory reasons for Plaintiff's termination: working unauthorized overtime, agent complaints, and not being responsive.  SOF ¶¶ 105 and 109-110.  In fact, Plaintiff secretly recorded the conversation in which she was told of the reasons for her termination.  SOF ¶¶ 107-108.  At her deposition, Plaintiff testified that she believed she was terminated for the reasons Ms. Heaney stated to her on the recorded phone call.  SOF ¶ 182.  These constitute legitimate, non-retaliatory reasons.  With respect to terminating Plaintiff for recording unauthorized overtime, this exact conduct was addressed by the Eighth Circuit in *Ritchie*.  630 F.3d 713.  As the Eighth Circuit explained, recording overtime following an instruction to cease doing so is insubordination and is not protected by the FLSA.  *Id.* at 717.  The FLSA requires that employers compensate their employees for all hours worked, not that employers must permit an employee to work overtime whenever he or she wants.  *Id.*  Johnson Storage is well within its rights to instruct its employees not to work overtime and terminate employees for failure to comply with that instruction.  Such a termination is not retaliation under the FLSA.  *Id.*

Because Johnson Storage articulated legitimate, non-retaliatory reasons for Plaintiff's termination, the burden lies with Plaintiff to provide evidence of pretext.  *Grey,* 396 F.3d 1034-

1035.  "To demonstrate pretext, the employee must show that the employer's proffered reason is unworthy of credence.  To show pretext, the plaintiff must demonstrate more than at the prima facie stage because, at the pretext stage, the evidence is viewed in light of the employer's justification."  *Engelhardt v. Qwest Corp.*, 918 F.3d 974, 979-80 (8th Cir. 2019) (internal citations omitted) (granting summary judgment where the employer proffered the plaintiff's lack of productivity as the termination reason and the plaintiff failed to provide "specific facts" to raise "genuine uncertainty" and rather relied on "unsubstantiated allegations and untenable inferences" of a "grudge").  Mere recital of facts supporting a causal connection between a plaintiff's protected activity and termination do not support a finding of pretext.  *Fezard v. United Cerebral Palsy of Cent. Arkansas*, 809 F.3d 1006, 1011-12 (8th Cir. 2016) (finding close temporal proximity of three days between plaintiff's statement she filed a complaint with the DOL and her termination as sufficient to establish a causal connection, but insufficient to establish pretext).  Instead, Plaintiff must establish her termination "would not have occurred 'but-for' the retaliatory motive." *Spencer*, 2017 U.S. Dist. LEXIS 217150, at *4.

Plaintiff was advised she was terminated due to her continued refusal to stop working unauthorized overtime in violation of Johnson Storage's policy and her supervisor's directives, multiple complaints received from an important agent, M. Dyer, as to her belligerent and unprofessional interactions with their staff, and issues with her supervisor or peer having to cover requests for which she failed to timely respond.  SOF ¶¶ 109-110.  The undisputed facts demonstrate that Plaintiff reported increasing amounts of unauthorized overtime, despite instructions to limit her overtime to 10 hours per pay period.  SOF ¶ 48-58.  Plaintiff does not dispute Johnson Storage policy required overtime to be authorized by a supervisor and working unauthorized overtime could result in discipline.  SOF ¶ 38.  Whether Plaintiff asserts she had

good reasons for her actions is not relevant to the pretext inquiry. *Grey,* 396 F.3d at 1035.

Plaintiff may attempt to raise issue with the substance of the complaints by M. Dyer and Ms. Miller about her conduct; however, whether a plaintiff "actually did what [s]he was accused of doing or whether discharge was warranted" are irrelevant to the pretext inquiry. *Grey*, 396 F.3d 1035. Johnson Storage has provided documentary evidence supporting the complaints made to Ms. Heaney about Plaintiff. SOF ¶¶ 68, 71, 73, 84-88, 93, and 98. Further, Plaintiff acknowledges she has no reason to doubt the credibility of M. Dyer or Ms. Miller. SOF ¶¶ 92 and 100. Thus, any allegation of a pretextual connection between the complaints of the M. Dyer contacts and Ms. Miller with Plaintiff's termination amount to the same untenable inferences of a "grudge" as in *Engelhardt*. 918 F.3d 974. Plaintiff has no evidence establishing the legitimate reasons provided by Johnson Storage for her termination are pretext.

Because Plaintiff did not engage in protected activity under the FLSA and because she cannot meet her burden of proving legally protected activity was the "but for" cause for her termination, Johnson Storage is entitled to summary judgment on Count I of Plaintiff's First Amended Complaint.

### C.   Johnson Storage is Entitled to Summary Judgment on Plaintiff's Common Law Wrongful Discharge Claim.

Prior to the enactment of the Missouri Whistleblower's Protection Act, Missouri common law contained a narrow public-policy exception to the at-will employment doctrine. As explained by the Missouri Supreme Court, "[a]n at-will employee may not be terminated: (1) for refusing to violate the law or any well-established and clear mandate of public policy as expressed in the constitution, statutes, regulations promulgated pursuant to statute, or rules created by a governmental body; or (2) for reporting wrongdoing or violation of law to superiors or public authorities." *Fleshner v. Pepose Vision Inst., P.C.*, 304 S.W.3d 81, 92 (Mo. banc 2010). In order

to prevail on this claim, it is plaintiff's burden to prove that she engaged in protected activity and the protected activity was a contributing factor in her termination. *Id.* at 95.

In her Complaint, Plaintiff relies on the public policy expressed through the FLSA and MMWL to support her wrongful discharge claim. First Amended Complaint, Dkt. # 20, ¶ 68. Plaintiff alleges she engaged in protected activity in two ways: (1) by refusing to violate the law and comply with her supervisor's directive to under-record her actual hours worked; and (2) by reporting Ms. Heaney's violation of the law to several company executives and other employees who did not directly engage in wrongdoing. *See* First Amended Complaint, Dkt. # 20, ¶¶ 70, 71.[1]

### 1.   Plaintiff's Termination Was Permissible Under the FLSA and MMWL and therefore her Wrongful Discharge Claim Fails.

It is black letter law in Missouri that, "[t]he mere citation of a constitutional or statutory provision in a pleading is not by itself sufficient to state a cause of action for retaliatory discharge, the plaintiff must demonstrate that the public policy mandated by the cited provision is violated by the discharge." *Margiotta v. Christian Hosp. Ne. Nw.*, 315 S.W.3d 342, 347 (Mo. banc 2010) (internal citations and quotations omitted). Here, Plaintiff cannot meet this burden. Plaintiff alleges her discharge violated the public policy as articulated in the FLSA and MMWL. First Amended Complaint, Dkt. # 20, ¶ 68. However as the Eighth Circuit has explained, it is lawful under the FLSA to terminate an employee for recording overtime following an instruction from a supervisor to complete the work without recording overtime even if the employee asserts it was

---

[1] The alleged activity Plaintiff cites to as protected in support of her Missouri common law claim is identical to the alleged activity Plaintiff cites to in support of her FLSA retaliation claim except that Plaintiff excludes complaints to Ms. Heaney as alleged protected activity under Missouri common law. As this Court already held and Plaintiff's First Amended Complaint acknowledges, any complaints by Plaintiff to Ms. Heaney do not constitute protected activity under the whistleblower public policy exception to at-will employment in Missouri. *See Jacobs v. Johnson Storage*, 2018 U.S. Dist. LEXIS 159877, at **6-7 (stating, "Plaintiff alleges that she complained about the overtime policy to the supervisor who communicated the allegedly unlawful policies and eventually fired her. As such, plaintiff's reports do not constitute whistleblowing within the public policy exception to the Missouri at-will employment doctrine or within the WPA, as her complaints were not made to the proper authority") (citing *Drummond v. Land Learning Found.*, 358 S.W.3d 167, 171 (Mo. Ct. App. 2011)).

impossible to complete the work without recording overtime.  *Ritchie*, 630 F.3d 713.  Moreover, as discussed *supra* in Section II.B.1, above, Plaintiff's alleged informal oral complaints did not constitute protected activity under the FLSA.  The MMWL expressly provides that it shall be interpreted in accordance with the FLSA.  MO. REV. STAT. § 290.505.  Because Plaintiff's termination was lawful under the statutes Plaintiff relies on to support the public policy allegedly violated by her termination, Plaintiff's claim for wrongful discharge in violation of public policy fails as a matter of law.

> ### 2. Plaintiff's Alleged Failure to Follow a Directive to Underreport Hours Cannot Form the Basis of a Claim for Wrongful Discharge in Violation of Public Policy.

Summary judgment is also proper on Plaintiff's wrongful discharge claim because the undisputed facts establish that Ms. Heaney did not direct Plaintiff to underreport her hours as alleged in the First Amended Complaint.  Plaintiff's own deposition testimony establishes that what Ms. Heaney told her was that: her overtime needs to be minimal; "we will tell you when you can log in overtime hours"; that Ms. Heaney would get a lashing if Plaintiff had overtime and so Plaintiff needed to take the afternoon off work; not to log in overtime hours; to watch the overtime hours; that Johnson Storage was only authorizing 10 hours of overtime per pay period (during peak season); and "you need to stop logging in the hours."  SOF ¶ 51, 53, 60, 127, 128, and 132.  None of these statements amount to a directive from Ms. Heaney to underreport her hours.

In her unverified First Amended Complaint, Plaintiff alleges that on a July 6, 2017, phone call, "Jacobs directly asked Heaney if Heaney was asking her to clock out in violation of the law and continue to work, to which Heaney replied, "I can't technically ask you to do that, but off the record, yes."  First Amended Complaint, Dkt. # 20, ¶ 38.  However, Plaintiff's own words in her own contemporaneous emails refute this allegation.  Specifically, on July 6, 2017 Plaintiff sent Ms. Heaney a confirming email wherein she states, "I guess I'm a little confused about cutting my

hours but not having anyone to send the overflow work to.  If I stop the hours, then I'm going to have a mess on my hands… I don't know how to cut the hours without having service failures of people unhappy that they are not receiving responses … I don't know how to cut hours and get all of this done.  The only other thing I could do is clock out and continue to do the work but we have already had a conversation about that."  SOF ¶ 143.  Moreover, after Plaintiff was terminated, she wrote a multiple-page single spaced email to Mr. Hindman complaining about Ms. Heaney.  Significantly, Plaintiff does not allege Ms. Heaney told her "off the record" to work off the clock.  Instead, Plaintiff wrote,

> Tina said she was firing me because of the overtime hours.  In the aforementioned email attachments, I asked for help to reduce the hours (without success).  I also offered several suggestions that would help reduce the workload (without success or even a follow up phone call or email).  At one point I asked Tina if she was asking me to work the hours and not report them and she said, "I can't technically ask you to do that."  If you are limiting my overtime and not offering any help, then I am being set up for failure.

SOF ¶ 177.  Plaintiff cannot create a fact issue to defeat summary judgment through self-serving allegations that contradict her own contemporaneous documentation of the conversation at issue. *See Goduti v. City of Worcester*, No. 12-TL-143662, 2014 WL 707250 at **2-4 (Mass. Land. Ct. Feb. 21, 2014) (granting summary judgment where the non-moving party attempted to create an issue of fact based on an argument that his affidavit and certain non-contemporaneous documents contradicted material contemporaneous documents; specifically finding that no factual dispute was created and rather, "[t]he document controls"); *see also Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, the court should not adopt that version of the facts for the purpose of ruling on a summary judgment motion").  The Eighth Circuit has made it clear:  "To survive a motion for summary judgment, the nonmoving party must substantiate her allegations with sufficient probative evidence that would permit a finding in her favor based on

more than mere speculation, conjecture, or fantasy." *Clay v. Credit Bureau Enterprises, Inc*., 754 F.3d 535, 539 (8th Cir. 2014) (*citing Putnam v. Unity Health Sys*., 348 F.3d 732, 733-34 (8th Cir. 2003)) (internal quotations omitted).  Accordingly, the undisputed facts establish that Ms. Heaney did not direct Plaintiff to underreport her hours.

Second, even assuming that Ms. Heaney gave Plaintiff such a directive to underreport her hours (which she did not), Plaintiff's deposition testimony contradicts her allegation that she "refused" to follow the directive.  In fact, in Counts III and IV, Plaintiff is suing to recover under the MMWL and FLSA for hours she worked but did not report to Johnson Storage.  At her deposition, Plaintiff testified that she does not know whether there is any week she worked for Johnson Storage where she accurately recorded all the hours she worked and that she does not have any records that would show whether the time she reported working for Johnson Storage was accurate.  SOF ¶¶ 148-149.  Moreover, Plaintiff testified that she could not explain why she worked hours that she did not record during her employment with Johnson Storage.  SOF ¶ 154.  Accordingly, Plaintiff's own deposition testimony establishes that she did not refuse to violate such a directive.

Finally, even if Ms. Heaney did instruct Plaintiff to underreport her hours (which she did not) and even if Plaintiff refused to follow this directive, such conduct does not fall within the first prong of the public policy exception to at-will employment because even if this allegation were true, it does not amount to the employer having directed Ms. Jacobs to "commit a crime." *Bartis v. John Bommarito Oldsmobile-Cadillac, Inc.*, 626 F. Supp. 2d 994, 1000 (E.D. Mo. 2009) (dismissing claim where plaintiff failed to show "the employer directed the employee to commit a crime); *Zasaretti-Becton v. Habitat Co. of Mo., LLC*, No. 4:12-cv-587-DDN, 2012 U.S. Dist. LEXIS 87592, at *19 (E.D. Mo. June 25, 2012) (granting motion to dismiss where "plaintiff's

allegations would not establish that defendants asked her to violate the law").  Plaintiff does not allege, and cannot establish, any crime she would have been committing based upon how she reported her time.  At worst, Plaintiff would have been violating Johnson Storage's policy regarding accurate timekeeping.

Consequently, Johnson Storage is entitled to summary judgment on Plaintiff's claim that she was terminated for refusing to perform an illegal act.

> ### 3. Plaintiff Cannot Establish Her Alleged Complaints to Messrs. Hindman, Hiles or Zabokrtsky Was Causally Connected to Her Termination.

Johnson Storage is entitled to summary judgment on Plaintiff's wrongful discharge claim for the independent reason that Plaintiff cannot establish that her alleged complaints to Messrs. Hindman, Hiles or Zabokrtsky contributed to her termination.  *Weng v. Washington Univ.*, 480 S.W.3d 334 (Mo. Ct. App. 2015).  As discussed above, Plaintiff was terminated on August 17, 2017 due to her continued refusal to stop working unauthorized overtime in violation of Johnson's Storage policy and her supervisor's directives, multiple complaints received from an important agent, M. Dyer, as to her belligerent and unprofessional interactions with their staff, and issues with her supervisor or peer having to cover requests for which she failed to timely respond.  SOF ¶¶ 105 and 109-110.  Plaintiff surreptitiously recorded the call in which she was advised of her termination, which confirms these reasons.  SOF ¶¶ 107-108.  Plaintiff admitted at her deposition that she has no evidence that her termination was related to her conversations with Messrs. Hindman, Hiles or Zabokrtsky, all of which occurred months prior to her termination.  SOF ¶¶ 10, 158, 166, 169, and 183-185.  Moreover, Plaintiff admitted at her deposition that she believed she was terminated for the reasons Ms. Heaney articulated on the recorded August 17, 2017 phone call.  SOF ¶ 182.  Accordingly, Plaintiff has not, and cannot, meet her burden of proving that any legally protected behavior contributed to her termination.  Consequently, summary judgment in

Defendant's favor is proper as to Count II of Plaintiff's First Amended Complaint.

**D.    Johnson Storage is Entitled to Summary Judgment for Plaintiff's Claims for Unpaid Overtime Because They Fail Under the FLSA and MMWL.**

**1.    Plaintiff Cannot Meet Her Burden of Showing Johnson Storage Knew or Should Have Known about Her Unreported Work Time.**

Plaintiff is seeking to recover in this lawsuit for hours she worked that she did not report to Johnson Storage.  SOF ¶ 114.  In order to survive summary judgment on her claims for unpaid overtime under the FLSA and MMWL,[2] Plaintiff is required to present evidence that she worked additional hours without compensation and that Johnson Storage knew or should have known that she was working hours she was not reporting.  *See Cage v. Multiband, Inc.*, No. 1:12-cv-87-SNLJ, 2015 U.S. Dist. LEXIS 18971 (E.D. Mo. Feb. 18, 2015) (*citing Hertz v. Woodbury County, Iowa*, 566 F.3d 775, 781 (8th Cir. 2009)).

In this case, Plaintiff cannot satisfy her burden.  At her deposition, Plaintiff admitted the following:  (1) she understood the Timekeeping Policy in Johnson Storage's Employee Handbook, which she received on her first day of employment, was telling her that her time punches needed to be accurate (SOF ¶ 40); (2) she was the one who recorded her own time by punching in and out through ADP on her computer (SOF ¶ 42); (3) she worked remotely from her home and no one was looking over her shoulder while she was working (SOF ¶ 115-116); (4) she was paid for all the hours she recorded working during her employment with Johnson Storage (SOF ¶ 46); and (5) when she worked more than 40 hours in a week, she received overtime pay (SOF ¶ 47).

Plaintiff alleges that her supervisor, Ms. Heaney, told her on several occasions not to log in overtime hours and to watch the overtime.  SOF ¶¶ 128-130.  Plaintiff testified that she understood these conversations to mean she was to work hours and not record them.  SOF ¶ 130.

---

[2] The MMWL is interpreted in accordance with the FLSA and thus the same standard applies to Counts III and IV. MO. REV. STAT. § 290.505.4.

Plaintiff admits that no one else at Johnson Storage gave her an instruction that she understood to mean that she was supposed to work hours and not record them. SOF ¶ 131. Significantly, Plaintiff does not allege that she ever told anyone at Johnson Storage she was underreporting the hours that she worked. *See e.g.*, SOF ¶ 146. She admitted in her deposition that she never told Ms. Heaney how many hours she was working and not recording. SOF ¶ 122. Indeed Johnson Storage has a policy that instructs employees to immediately inform Payroll/Human Resources if there is a mistake on their paycheck. SOF ¶ 41. Although Plaintiff complained to Human Resources about her paycheck – specifically that she did not receive paid vacation time she thought she was owed – she did not communicate to Human Resources that she had not been paid for all the hours she worked. SOF ¶¶ 172-173. In fact, Plaintiff consistently reported large amounts of overtime throughout her employment with Johnson Storage. SOF ¶¶ 56-57. Further, she was paid for all of that overtime. SOF ¶ 46. Over her 23 weeks of employment, Plaintiff reported and was paid for **171.71** hours of overtime. SOF ¶ 57. Taking into account that she was on vacation for one week, she reported an average of 7.805 hours of overtime per workweek. SOF ¶ 57. Further, in Plaintiff's last three full work weeks, she reported on average 19.39 hours of overtime per workweek. SOF ¶ 57.

The Court's decision in *Cage v. Multiband* is directly on point. This Court held that where, as here, the plaintiff was properly compensated for all overtime he reported, plaintiff failed to comply with the defendant's written policies that employees are responsible for accurately recording and reporting all working time and contacting payroll immediately if there is an error in pay, the employer was entitled to judgment as a matter of law. 2015 U.S. Dist. LEXIS 18971, at **23-27. *See also Battle v. DIRECTV*, No. 2:14-cv-02007-AKK, 2017 U.S. Dist. LEXIS 148790, 32-33 (N.D. Ala. Sept. 14, 2017) (granting summary judgment in favor of defendant on FLSA

claim where plaintiffs failed to meet their burden to show that the employer knew or should have known of the unpaid overtime because Plaintiff never complained to defendant of unpaid overtime); *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 879 (6th Cir. 2012) (affirming grant of summary judgment in favor of employer on the basis that plaintiff failed to meet her burden to establish that the employer knew or should have known that plaintiff was performing uncompensated work).

The Northern District of Iowa's recent decision in *Zhou v. IBM*, No. 15-cv-1027-LRR, 2017 U.S. Dist. LEXIS 48547 (N.D. Iowa Mar. 31, 2017), is likewise instructive.  In *Zhou*, the Court granted IBM's motion for summary judgment finding that plaintiff failed to meet his burden of showing that IBM knew or should have known the plaintiff was working off the clock.  The Court specifically noted that, "[w]hether an employer has maintained an established procedure for overtime claims that employees regularly used can impact the amount of inquiry required of the employer into potential overtime worked."  *Id*. at *51 (internal citation and quotation omitted).  In *Zhou*, the plaintiff alleged that he worked off the clock because his supervisor told him that "no overtime" was the rule and threatened him that he was a contractor that could be replaced at any time.  The Court noted that the record demonstrated that plaintiff consistently claimed and received overtime throughout his time working for the defendant and that he was paid for every overtime hour he reported.  *Id.* at **56-57.  The same is true in this case.  Plaintiff consistently reported large amounts of overtime and she was paid for all the overtime she reported.  There is no documentary evidence showing that Johnson Storage ever actually encouraged Plaintiff to underreport her hours.  To the contrary, the documentary evidence (in the form of Johnson Storage's employee handbook and in plaintiff's own contemporaneous emails) demonstrate just the opposite.  As in *Zhou*, Plaintiff's "self-serving, conclusory statements to the contrary are

insufficient to defeat summary judgment.  *Id*. at \*\*63-64, *see also Harvill v. Westward Commc'ns, LLC*, 433 F.3d 428 (5th Cir. 2005) (affirming grant of summary judgment in favor of employer on unpaid overtime claim where plaintiff claimed her supervisor required her to turn in false time sheets, but "she presented *no* evidence that [Defendant] was aware that she worked overtime hours without compensation").

> ### 2.   Plaintiff Cannot Meet Her Burden of Showing the Amount of Unpaid Overtime as a Matter of Just and Reasonable Inference.

Summary judgment is proper as to Plaintiff's unpaid overtime claim for the independent reason that Plaintiff cannot meet her burden of showing the amount and extent of her unpaid overtime as a matter of just and reasonable inference.  In order to prevail on a claim for unpaid overtime under the FLSA and MMWL, Plaintiff bears the burden of coming forward with sufficient evidence to show the amount and extent of the unpaid overtime work which would allow a fact-finder to determine the number of unpaid overtime hours as a matter of just and reasonable inference.  *See Holaway*, 771 F.3d at 1060 (granting summary judgment in favor of employer where plaintiff provided vague testimony with respect to the allegedly unpaid hours work).

In this case, it is undisputed that Johnson Storage provided Plaintiff with a method to record the hours she worked – an ADP timekeeping system on her computer.  SOF ¶ 42.  Plaintiff testified that she understood that Johnson Storage's written policies required that her time punches be accurate.  SOF ¶ 40. During her short employment with Johnson Storage, Plaintiff reported and was properly paid for 171.71 hours of overtime.  In this lawsuit, she is seeking compensation for an additional 129 hours of overtime that she did not report to Johnson Storage during her employment.  SOF ¶ 121.  Plaintiff disclosed the alleged amount of her unpaid overtime in response to an Interrogatory served by Defendant, Interrogatory No. 5.  SOF ¶ 121.  Aside from her paycheck stubs, which reflect the hours she reported working for Johnson Storage but do not

20

reflect unreported hours, she did not reference any other notes or documents in coming up with her estimate.  SOF ¶ 152**.**   Instead, Plaintiff testified she came up with this estimate with the help of prior counsel.  Her estimate was based on her recollection and "just knowing how much time I was putting in on average."  SOF ¶ 120.  Plaintiff does not have any notes that reflect how many hours she worked and did not record. SOF ¶¶ 152-153.  At her deposition, Plaintiff testified that she does not know whether there is any week she worked for Johnson Storage where the hours she reported working through ADP actually reflect all the hours she worked.  SOF ¶ 148.  She does not have any records that would reflect that she worked additional hours beyond what she recorded. SOF ¶ 149 and 152.  She could not explain how she decided how many hours she was going to record in a week.  SOF ¶ 150.  Plaintiff does not have any independent recollections of the hours and there are no documents that she could look at that would help her confirm the numbers.  SOF ¶ 153.  Plaintiff could not explain why she worked hours that she did not record during her employment with Johnson Storage.  SOF ¶ 154.  Consequently, Plaintiff's estimate that she worked 129 additional hours of overtime beyond the 171.71 hours of overtime that she reported and was paid for is wholly uncorroborated and is insufficient to satisfy Plaintiff's burden of proving the amount and extent of her uncompensated overtime.  *Bailey v. New Age Distrib.*, No. 4:18-cv-00538, 2019 U.S. Dist. LEXIS 202032 (E.D. Ark. Nov. 21, 2019) (granting summary judgment in favor of employer, explaining that plaintiffs' declarations that they worked between 50-60 hours each week were unsupported by any record evidence and uncorroborated were insufficient to satisfy their burden of proving the amount and extent of uncompensated work); *Lindsay v. Clear Wireless LLC*, No. 13-834-DSD-FLN, 2016 U.S. Dist. LEXIS 31663, at *27 (Mar. 10, 2016) (granting summary judgment in favor of employer explaining that plaintiff's "estimation" "based on his 'memory,' 'work experience while employed,' and a review of unspecified 'business related

documents' … [where] 'none of the documents contained any information showing his unpaid, off the clock work'" did not satisfy plaintiff's burden of proving the amount and extent of uncompensated work); *Battle*, 2017 U.S. Dist. LEXIS 148790, at **25-26 (granting summary judgment in favor of employer because plaintiffs failed to produce sufficient evidence to show the amount and extent of uncompensated work as a matter of just and reasonable inference and explaining, "[s]ummary judgment is appropriate where the Plaintiffs have no expert witnesses or designated documents providing competent evidence from which a jury could fairly estimate damages"); *Zhou*, 2017 U.S. Dist. LEXIS 48547, at **64-65 (granting summary judgment in favor of employer where plaintiff "admitted that he did not keep notes contemporaneously as he worked, and also admitted that he has no notes or any other objective evidence demonstrating the amount of [unpaid] overtime that he worked").

## III.    CONCLUSION

Because Plaintiff cannot meet her burden of proof with respect to the essential elements of each of her four counts, Johnson Storage respectfully requests that the Court enter summary judgment in its favor and grant such further relief as the Court deems proper and just.

Respectfully submitted,


*/s/ Patricia J. Martin*
Patricia J. Martin #57420MO
pmartin@littler.com
Lillian T. Manning #68432MO
lmanning@littler.com
LITTLER MENDELSON, P.C.
600 Washington Avenue
Suite 900
St. Louis, MO  63101
314.659.2000

Attorneys for Defendant
Johnson Storage & Moving Co. Holding, LLC


### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 3rd day of January, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system to be served by operation of the Court's electronic filing system upon the following:

Bridget L. Halquist
Summers Compton Wells LLC
8909 Ladue Road
St. Louis, Missouri 63124
314-991-4999
314-991-2413 Fax
bhalquist@summerscomptonwells.com


*/s/ Patricia J. Martin*


4847-2265-9247.3 084678.1003

23