**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

KATHERINE JACOBS,            )
                                 )
       Plaintiff,            )
                                 )     Case No. 4:18-cv-00024-SNLJ
vs.                            )
                                 )
JOHNSON STORAGE & MOVING CO   )
HOLDINGS, LLC,          )
                                 )
       Defendant.        )

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S VERIFIED BILL OF COSTS**

COMES NOW Plaintiff Katherine Jacobs, by and through counsel, and for her opposition

to Defendant's Verified Bill of Costs [Doc. No. 83], states as follows:

Federal Rule of Civil Procedure 54(d) provides for taxable costs "[u]nless . . . a court

order provides otherwise." Fed. R. Civ. P. 54(d).  "[N]ot all expenses of litigation are costs

taxable against the losing party, and within the statutory framework of costs eligible to be taxed,

the district court has discretion in determining and awarding costs in a given case."  *Pershern v.*

*Fiatallis North America, Inc.*, 834 F.2d 136, 140 (8th Cir. 1987).  The United States Supreme

Court has long held that a district court may, in its discretion, refuse to tax costs against an

unsuccessful plaintiff.  *Farmer v. Arabian American Oil Co.*, 379 U.S. 227 (1964). Relying on

the express language of Rule 54, the *Farmer* Court concluded that a court has the discretion to

decline the taxation of costs against a non-prevailing party.  In *Crawford v. Gibbons*, 482 U.S.

437 (1987), the Supreme Court again reiterated its holding from *Farmer* that Rule 54(d) vests

district courts with the discretion to grant or decline the taxation of costs. Furthermore, 28 U.S.C.

§ 1920 also provides that "[a] judge or clerk of any court of the United States may tax as costs" certain items, including witness fees and transcripts.  As the Supreme Court made clear in *Crawford*, "Section 1920 is phrased permissibly because R.54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party."  *Crawford*, 482 U.S. at 437-38. *See also Weeks v. Samsung Heavy Indust. Co*., 126 F.3d 926, 945 (7th Cir. 1997); *Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co*., 924 F.2d 633 (7th Cir. 1991).

## GENERAL OBJECTIONS

Defendants bear the burden of showing not only that their claimed costs fall under the expenses enumerated under Section 1920, but also that their costs were reasonably necessary to the litigation of this case. *See In re Williams Securities Litig.-WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009) ("A prevailing party bears the burden of establishing the amount of costs to which it is entitled."); *Summit Technology, Inc. v. Nidek Co., Ltd.,* 435 F.3d 1371, 1380-81 (Fed. Cir. 2006) ("[A] bill of costs must represent a calculation that is reasonably accurate under the circumstances … when challenged, a prevailing party must offer some reliable documentation or other proof that its bill of costs represents the allowable costs that it actually and necessarily incurred during the litigation.") (emphasis added). Local Rule 8.03 requires that the verified bill be "in the form prescribed by the Clerk." The form requires that "itemization and documentation for requested costs in all categories." (emphasis added). In no category of requested costs has Defendant offered any evidence that the costs were necessarily incurred. Plaintiff respectfully assert that this Court should exercise the discretion vested in it under the rules and deny, in its entirety, Defendant's Verified Bill of Costs.

## SPECIFIC OBJECTIONS

**1.      Plaintiff's Objection to Unnecessary Subpoena**

First, Plaintiff objects to Johnson Storage's request for $50.00 expended in obtaining service of a subpoena on Mesa Moving and Storage.  The subpoena for Plaintiff's employment records were not a necessary part of the case and Defendant is not entitled to unnecessary costs expended.  Thus, Plaintiff respectfully requests this Court to deny Defendant's request for $50.00 in obtaining the Mesa Moving and Storage records.

**2.      Plaintiff's Objection to Unnecessary Tax Records**

Second, Plaintiff objects to Johnson Storage's request for $245.88 in total expenses to obtain tax return records concerning Plaintiff and her husband (non-party) to address the issue of damages.  These expenses were not necessary to the case decided on a motion for summary judgment.  Thus, Plaintiff respectfully requests the Court to deny Defendant's request for $245.88 in expenses for obtaining the tax returns of Plaintiff and her non-party husband.

**3.      Plaintiff's Objection to Unnecessary Transcript Costs**

Third, Plaintiff objects to "Realtime + Rough Draft" portion of the Katherine Jacobs deposition for $576.00.  The "Realtime + Rough Draft" cost is an unnecessary cost on top of the other costs already included in the total for $2,091.80.  For example, the Tina Heaney deposition which was also cited by the Court, does not include a "Realtime + Rough Draft" cost.  The only costs for the Tina Heaney deposition include: (1) the copy of transcript services, (2) the black and white exhibits, and (3) the electronic delivery.  Thus, Plaintiff respectfully requests the Court to reduce the fees for printed or electronically recorded transcripts by $576.00, for a total not to exceed $3,083.90.

## CONCLUSION

In its Verified Bill of Costs, Defendant attempts to recover costs that were not necessary and/or only necessitated by Defendant's actions. Defendant fails to meet the burden of proving which costs were necessary, and as such, Plaintiff asserts that such costs not be assessed against Plaintiff.  Plaintiff respectfully requests that, at a minimum, the Court to reduce Defendant's request for costs by $871.88 to account for the unnecessary expenditures of Defendant.

Respectfully submitted,

SUMMERS COMPTON WELLS LLC

/s/ Bridget L. Halquist
Bridget L. Halquist, MO50317
Christopher R. Clayton, MO69692
8909 Ladue Road
St. Louis, MO 63124
(314) 991-4999
(314) 872-0349 – facsimile
bhalquist@summerscomptonwells.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically filed Notices of Electronic Filing.

 */s/ Wendy Krome*