UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KATHERINE JACOBS, | ) | |
|---|---|---|
| Plaintiff(s), | ) | |
| vs. | ) | Case No. 4:18-cv-00024-SRC |
| JOHNSON STORAGE & MOVING CO. HOLDING, LLC, | ) | |
| Defendant(s). | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Johnson Storage & Moving Co. Holding, LLC's ("Johnson Storage") Motion for Bill of Costs [83]. The Court grants the Motion.

**I.   BACKGROUND**

The Court granted summary judgment to Johnson Storage. Doc. 81. Johnson Storage then submitted its verified Bill of Costs, moving this Court for an order requiring Plaintiff Katherine Jacobs to pay Johnson Storage's costs totaling $4,346.33. Doc. 83. Jacobs opposes the motion. Doc. 85.

**II.   STANDARD**

Federal Rule of Civil Procedure 54(d)(1) provides that "costs…shall be allowed as a matter of course to the prevailing party unless the court otherwise directs." Recoverable costs include (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters. 28 U.S.C. § 1920. Rule 54(d) creates

1

a presumption favoring the award of costs to the prevailing party. *Computrol, Inc. v. Newtrend*, 203 F.3d 1064, 1072 (8th Cir. 2000). The court has substantial discretion in awarding costs. *Id.*

**III. DISCUSSION**

Jacobs objects to specific items in Johnson Storage's bill of costs, and also asks the Court to exercise its discretion to deny Johnson Storage's bill of costs in its entirety. Doc. 85 at 2. Jacobs offers no evidence or argument to overcome the presumption favoring the award of costs to Johnson Storage, the prevailing party in this matter. Thus, the Court overrules Jacobs's general objection to the entirety of Johnson Storage's bill of costs.

**A. Fees for Service of Subpoena**

Jacobs specifically objects to the taxation of $50 in costs that Johnson Storage incurred in obtaining records from her employer, Mesa Storage. Jacobs argues that the employment records were not a necessary part of the case. Doc. 85 at 2. Johnson Storage responds that these records were necessarily obtained to prepare Johnson Storage's mitigation defense. Doc. 89 at 2. The Court finds these records were reasonably necessary to litigation of the case and will allow the costs.

**B. Fees for Transcript**

Jacobs also objects to the taxation of $576 for "Realtime + Rough Draft" transcript services for her deposition. Costs for "real-time" services are taxable if necessary for use in the case, and not primarily for the convenience of the parties. *See Dindinger v. Allsteel, Inc.*, 853 F.3d 414, 431 (8th Cir. 2017). Johnson Storage argues that real-time services were necessary for Jacobs's deposition to adequately address Jacobs's allegations "related to the timing, nature, and substance of overtime instructions and [Jacobs]'s response to the same." Doc. 89 at 3. The Court finds these costs were necessary for the case and were reasonably incurred.

### C. Fees for Obtaining Tax Records

Finally, Jacobs objects to $200 in costs incurred by Johnson Storage for obtaining her tax records.[1] Jacobs argues that the tax records—which she concedes were relevant to the issue of damages—were not necessary to a case decided on summary judgment. Doc. 85 at 3. The Court disagrees. The discovery deadline in this case preceded the dispositive motion deadline by more than a month. Doc. 50. And Johnson Storage represents that the tax records "supported Johnson Storage's affirmative defense of failure to mitigate damages, which it was preparing to present at trial." Doc. 89 at 3-4. The Court finds these costs were necessary for the case and were reasonably incurred.

Accordingly,

**IT IS HEREBY ORDERED** that Jacobs shall pay Johnson Storage $4,346.33 in costs as explained herein.

So Ordered this 6th day of April, 2020.

**STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE**

---

[1] Jacobs's Opposition objects to "$245.88 in total expenses to obtain tax return records" but Johnson Storage's verified Bill of Costs lists only $200 in costs related to tax records. Doc. 83-1. The remaining $45.88 is for courier fees for the delivery of courtesy copies to the Court. *Id.* Jacobs has not objected to these costs.