UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KATHERINE JACOBS, | ) |
| Plaintiff(s), | ) |
| vs. | ) Case No. 4:18-cv-00024-SRC |
| JOHNSON STORAGE & MOVING CO. HOLDING, LLC, | ) |
| Defendant(s). | ) |

**Memorandum and Order**

The Court considers Plaintiff Katherine Jacobs's Motion for Relief of Judgment. Doc. 95. Jacobs initially brought this action against Defendant Johnson Storage & Moving Co. Holding, LLC, for retaliatory termination under the Fair Labor Standards Act (FLSA), wrongful discharge under Missouri public policy, and unpaid overtime under the FLSA and Missouri Minimum Wage Law. Doc. 1; Doc. 20. On March 3, 2020, the Court entered summary judgment in favor of Johnson Storage on all counts. Doc. 81. On November 12, 2020, the Eighth Circuit affirmed. Doc. 92; Doc. 93. And on December 18, 2020, the Eighth Circuit denied Jacobs's petition for rehearing by panel. Doc. 100-A. Jacobs now seeks relief from the Court's summary judgment order under Federal Rule of Civil procedure 60(b).[1] Doc. 95. The Court finds that Jacobs's motion lacks merit and therefore denies her Motion for Relief of Judgment [95]. The Court also denies Jacobs's Motion for a Subpoena [98] and Motion for Relief from Defendant's Bill of Costs [103].

**I.    Standard**

---

[1] Jacobs combined her Motion for Relief of Judgment with a Motion for Indicative Relief, pursuant to Federal Rule of Civil Procedure 62.1. Doc. 95.

1

Federal Rule of Civil Procedure 60(b) gives the district court power to relieve a party from a judgment for certain limited reasons. Fed. R. Civ. P. 60(b). These reasons include: (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly-discovered evidence, or (3) fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(1)-(3). Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Atkinson v. Prudential Property Co.*, 43 F.3d 367, 371 (8th Cir. 1994) (internal citations and quotations omitted). Courts view Rule 60(b) motions with disfavor. *Rosebud Sioux Tribe v. A & P Steel, Inc.*, 733 F.2d 509, 515 (8th Cir.), *cert. denied*, 469 U.S. 1072 (1984). Further, the decision to grant relief under Rule 60(b) rests "within the sound discretion of the district court." *Mitchell v. Shalala*, 48 F.3d 1039, 1041 (8th Cir. 1995). A district court may, without first obtaining leave of the appellate court, act on a Rule 60(b) motion after the appellate court disposes of an appeal. *Standard Oil Co. of Calif. v. United States*, 429 U.S. 17, 19 (1976).

**II.     Discussion**

    **A.     Motion for Relief from Judgment**

Jacobs asks for relief from judgment based on excusable neglect, newly-discovered evidence, perjury, and fraud. Doc. 95. Under Rule 60(b)(1), Jacobs seeks relief for excusable neglect due to her former counsel's alleged lack of competence. Doc. 95 at p. 14. Under Rule 60(b)(2), she seeks relief due to the discovery of new evidence on a previously-unopened laptop in her possession. Doc. 95 at p. 9. Finally, under Rule 60(b)(3), Jacobs seeks relief for fraud and misconduct by Johnson Storage based on allegedly falsified discovery documents. Doc. 95 at p. 11. In response, Johnson Storage states that Jacobs does not present any evidence to establish "exceptional circumstances" under any of the grounds for relief in Rule 60(b).

2

### 1. Excusable neglect

Rule 60(b)(1) applies in "situations in which the failure to comply with a filing deadline is attributable to negligence" and "must be accompanied by a showing of good faith and some reasonable basis for not complying with the rules." *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005) (internal citations omitted). Excusable neglect does not include ignorance or carelessness of an attorney, nor does it include mistakes of law or failure to follow the clear dictates of a court rule. *Id.* (citing *Hunt v. City of Minneapolis*, 203 F.3d 524, 528 n.3 (8th Cir. 2000)). In considering excusable neglect, courts must consider several factors, including "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) whether the movant acted in good faith, and (4) the reason for the delay, including whether it was in the reasonable control of the movant." *In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 496 F.3d 863, 866-67 (8th Cir. 2007) (citing *Pioneer Inv. Serv. Co. v. Brunswick Ass'n Ltd. Partnership*, 507 U.S. 380, 395 (1993)).

Jacobs does not allege that she or her former counsel accomplished an act or omission, such as missing a deadline, which the Court could excuse under Rule 60(b)(1). Rather, Jacobs alleges a lack of competence by her counsel, providing four examples. Doc. 95 at p. 16-17. Jacobs claims that her counsel 1) should have deposed an additional witness, 2) did not properly prepare her for deposition, 3) did not properly prepare for mediation, and 4) abandoned her after the Court issued its summary judgment order. *Id.* None of these instances involve excusable neglect that the Court can remedy through Rule 60(b)(1). *See Sutherland v. ITT Continental Baking Co.*, 710 F.2d 473, 476-77 (8th Cir.1983) ("Rule 60(b) has never been a vehicle for relief because of an attorney's incompetence or carelessness."). The Court finds that Jacobs does not

establish excusable neglect, therefore, she is not entitled to relief from judgment under Rule 60(b)(1).

### 2. Newly-discovered evidence

A Rule 60(b)(2) motion based on the discovery of new evidence must show "(1) that the evidence was discovered after the court's order, (2) that the movant exercised diligence to obtain the evidence before entry of the order, (3) that the evidence is not merely cumulative or impeaching, (4) that the evidence is material, and (5) that the evidence would probably have produced a different result." *Greyhound Lines, Inc. v. Wade*, 485 F.3d 1032, 1036 (8th Cir. 2007) (citing *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 n.3 (8th Cir. 2006).

Jacobs alleges that during discovery, Johnson Storage withheld multiple emails that show that Johnson Storage knew she was working uncompensated overtime hours. Doc. 95 at p. 9-11. Jacobs claims that she discovered these missing emails after the Court's summary judgment order, but she does not attempt to explain how or when she obtained these emails. *Id.* Her reply in support of her motion elaborates that she found the emails on her company laptop, which she and her attorneys possessed during the pendency of this case. Doc. 102 at p. 9-11. Jacobs claims that she opened her company laptop and discovered the emails for the first time after the Court issued its summary judgment order in favor of Johnson Storage. *Id.* The Court finds that these emails do not constitute "newly discovered evidence" for purposes of Rule 60(b)(2).

Jacobs does not establish that "the evidence was discovered after the Court's order" or that she "exercised diligence to obtain the evidence before entry of the order." *See Greyhound Lines, Inc.*, 485 F.3d at 1036. Jacobs admits that she and her attorneys possessed the laptop during the pendency of this case. Doc. 102 at p. 9-11. Jacobs had access to these emails before

4

the Court's summary judgment order, but her attorneys decided against using the evidence from her laptop. *See id.* Even if Jacobs and her attorneys had not previously opened the laptop or reviewed the emails, Jacobs still cannot show that she "exercised diligence" to find the emails. Jacobs possessed her own work laptop; she knew that she had access to these emails. *See id.* Her attorney simply advised her against opening the laptop because "ownership was in question and Johnson Storage would be responsible for submitting all documents and emails during discovery." *Id.* at p. 9. Jacobs did not make the laptop available to Johnson Storage during discovery, nor did she produce any documents from it. *Id.* Her failure to provide the laptop and its contents to Johnson Storage affected Johnson Storage's ability to produce responsive documents in discovery. *Id.* Jacobs's physical possession of this evidence indicates that Jacobs did not exercise due diligence to discover the evidence before summary judgment.

Jacobs also cannot show that she exercised diligence in obtaining this evidence from Johnson Storage during discovery. On January 29, 2019, Johnson Storage served its answers and objections to Jacobs's First Set of Interrogatories and First Set of Requests for Production of Documents. Doc. 100-B, Martin Decl. at ¶ 5. In February 2019, Johnson Storage and Jacobs's former counsel conferred regarding Johnson Storage's document production and the appropriate search terms for document production from Jacobs's email accounts. Martin Decl. at ¶ 6. The parties did not come to an agreement on search terms before their mediation, or at any time after mediation, when Jacobs secured new representation. Martin Decl. at ¶ 7, 9. Johnson Storage did not receive notice from Jacobs that she considered its discovery responses to be deficient, nor did Jacobs file a motion to compel regarding Johnson Storage's discovery responses. Martin Decl. at ¶ 9-10. The Court finds that Jacobs did not exercise diligence to obtain the emails she alleges were withheld by Johnson Storage.

Finally, even assuming the emails are material, Jacobs fails to establish that the emails she discovered on the laptop are not merely cumulative of documents Johnson Storage previously produced and that the evidence probably would have produced a different result. *See Greyhound Lines, Inc.*, 485 F.3d at 1036. At summary judgment, the Court considered documentary evidence that Johnson Storage knew about Jacobs's uncompensated overtime work. Doc. 81. Jacobs asserts that her new evidence proves the same thing, but this makes her new evidence merely cumulative. Doc. 95. Further, Jacobs's evidence does not disturb the Court's findings on summary judgment that: 1) "Johnson Storage undisputedly offered legitimate, non-retaliatory reasons for Jacobs's termination," 2) there was "no evidence from which a reasonable jury could determine Johnson Storage's stated reasons for Jacobs's termination were pretextual," 3) "temporal proximity between the complaint and adverse action does not create a genuine issue of material fact on the issue of causation," 4) "Jacobs has failed to raise a genuine issue of material fact as to whether Johnson Storage instructed her to violate the law by under-reporting her hours," and 5) "Jacobs cannot show the amount of unpaid overtime as a matter of just and reasonable inference." Doc. 81. The Court did not make any findings on whether Johnson Storage "knew or should have known" that Jacobs worked unpaid overtime, as Jacobs had already failed to present "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* Jacobs's new evidence is cumulative, and the Court did not consider at summary judgment whether Johnson Storage knew about Jacobs's unpaid overtime, so the new evidence would not have produced a different result. *See Greyhound Lines, Inc.*, 485 F.3d at 1036. The Court finds that Jacobs's evidence does not constitute "newly discovered evidence" that might warrant relief from judgment under Rule 60(b)(1).

    3.  **Fraud or misconduct**

Rule 60(b)(3) provides for relief from judgment in the case of "fraud . . . misrepresentation or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). To prevail on a Rule 60(b)(3) motion, "the movant must show, with clear and convincing evidence, that the opposing party engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting its case." *Atkinson*, 43 F.3d at 372-73 (citing *Paige v. Sandbulte*, 917 F.2d 1108, 1109 (8th Cir. 1990)). Jacobs alleges that Johnson Storage attempted to deceive the Court by altering several documents it produced in discovery. She claims that "two documents have been proven to be fraudulent and the third is suspiciously fraudulent." Doc. 95 at p. 11-14. Jacobs also alleges that Tina Healey committed perjury in her deposition when Healey stated that Johnson Storage was not withholding any documents. Doc. 95 at p. 9-11. The Court finds that Jacobs has not submitted "clear and convincing" evidence of fraud or misconduct, however. Jacobs does not prove that Johnson Storage's documents are fraudulent or that Healey committed perjury in her deposition.

      Jacobs presents three examples of alleged document fraud by Johnson Storage. First, Jacobs presents two different versions of the same email which Johnson Storage produced in discovery. Jacobs claims that after comparing the two emails "side by side," the differences between the two emails show that Johnson Storage deliberately manufactured evidence. But the differences between the two emails are not a result of tampering: the second email is just a forwarded version of the first email. Martin Decl. at ¶ 13. In Tina Heaney's deposition on November 26, 2019, Jacobs's counsel asked Heaney about these two emails. Doc. 100-C, Heaney Dep. 217:7-13. Heaney testified that the second version of the email was "a forward of another shipment where Diana [Miller] is being asked to provide information and/or documents that previously Katy had not." Heaney Dep. 217:14-22. Jacobs's counsel asked Heaney whether

7

Diana Miller "created" the document, to which Heaney replied, "I understand where you're going with this. I get what you're trying to do here. It didn't happen that way." Heaney Dep. 227:8-15.  The Court finds that Jacobs presents no clear and convincing evidence of fraud with regard to these emails.

Second, Jacobs presents Johnson Storage's ADP time-card report.  Jacobs recorded her time by punching in and out through the ADP time-tracking program on her computer.  Jacobs claims that "the ADP report has been proven to be fraudulent as Jacobs was told to under-report her hours." Doc. 102 at p. 4.  This is not evidence of fraud, as Jacobs has already admitted that she did not enter her unreported hours on the timekeeping system.  Doc. 81.  Jacobs also speculates that a mistake on the ADP report where the document indicates that May 11 and May 12, 2017 were both "Thursday" means that Johnson Storage manually altered the ADP report. Doc. 95.  She also points out that the ADP report Johnson Storage produced did not have the ADP logo on it. *Id.*  But Jacobs presents no evidence linking the incorrect date entry and the lack of an ADP logo to her allegations that Johnson Storage tampered with the document.  The Court finds no clear and convincing evidence of fraud with regard to the ADP report.

Third, Jacobs claims that Johnson Storage "entered into evidence a deceptive Organizational Chart . . . to cause confusion" and "significantly altered their organization chart to conceal evidence." Doc. 95 p. 15-16.  Jacobs points to Tina Heaney's admission in her deposition that the organizational chart was not completely accurate.  *Id.*  But even though Johnson Storage's organizational chart contained factual inaccuracies, the Court will not assume that Johnson Storage altered the chart to conceal evidence from the Court or to cause confusion. Johnson Storage's inaccurate organizational chart is not evidence of fraud.  Additionally, this evidence could not have affected the outcome of Jacobs's case.  Johnson Storage did not cite the

8

organizational chart in its Motion for Summary Judgment, and the Court did not rely upon it. Doc. 61; Doc. 62; Ex. B, Martin Decl. at ¶ 14.  The Court finds that the inaccuracies in the organizational chart are not clear and convincing evidence of fraud, nor did they prevent Jacobs from fully and fairly presenting her case at summary judgment.

Jacobs argues next that Healey committed perjury during her deposition because Healey testified that Johnson Storage did not withhold any documents during discovery. Doc. 95 at p. 9-11; Healey Dep. 130:7-133:20.  Jacobs claims that the emails she found on her work laptop show that Johnson Storage withheld documents because Johnson Storage did not produce them. *Id.* Jacobs attached several unattested emails in support of her motion. *Id.*  In response, Johnson Storage states in a sworn declaration that it complied with all of its discovery obligations. Martin Decl. at ¶ 5, 9-12.  Jacobs has not provided clear and convincing evidence of perjury.

Jacobs implies that Johnson Storage committed misconduct during discovery by not producing the emails that Jacobs found on her work laptop.  Doc. 95 at p. 9-11.  While discovery misconduct can be a basis for relief under Rule 60(b)(3), the Court finds that Jacobs does not present clear and convincing evidence of any misconduct.  *See Atkinson*, 43 F.3d at 373 (8th Cir. 1994) (noncompliance with discovery requests "may under some circumstances be grounds for vacating [a] judgment" under Rule 60(b)(3)).  First, Jacobs does not attempt to demonstrate that Johnson Storage's answers and objections to document production were improper or that she pursued the available discovery remedies before the entry of summary judgment.  *See, e.g., Dukes v. City of Minneapolis*, 339 Fed.Appx. 665, 668 (8th Cir. 2009) (Rule 60(b)(3) relief unavailable for alleged failure to produce records in advance of summary judgment because plaintiff "was obligated to pursue the release of those records prior to the grant of summary judgment"); *Miller v. Baker Implement Co.*, 439 F.3d 407, 410, 414 (8th Cir. 2006) (holding no

9

basis for Rule 60(b)(3) relief when party "failed to avail himself of available discovery remedies before the district court issued its order"); *Floorgraphics Inc. v. News Am. Mktg. In–Store Servs.*, Inc., 434 Fed.Appx. 109, 112 (3d Cir. 2011) (holding that when a receiving party objects to a discovery request and the requesting party "failed to move to compel," the court may conclude that the requesting party "abandoned its request" and the claimed failure to produce responsive documents does not constitute clear and convincing evidence of discovery misconduct under Rule 60(b)(3)).

Second, Jacobs does not establish that Johnson Storage's alleged withholding of documents prevented her from fully and fairly litigating her case. Jacobs had possession of her work laptop with these emails on it for the entirety of the case, so she had a "fair opportunity to discover" the emails herself and use them to bolster her claims. *Atkinson*, 43 F.3d at 373 (finding that a defendant's failure to disclose did not prevent the plaintiff from fully and fairly litigating his claim because "[t]his is not a case in which defendants withheld information that they alone possessed. A copy of the letter was in [plaintiff's] possession the entire time . . ."). And as explained above, Johnson Storage's production of these emails would have made no difference in the result of the case. *See id.*

Jacobs fails to present clear and convincing evidence that Johnson Storage engaged in fraud or misconduct. Jacobs is not entitled to relief under Rule 60(b)(3). As Jacobs cannot show "exceptional circumstances" justifying relief under Rule 60(b), the Court denies Jacobs's Motion for Relief of Judgment [95].

      B.      **Motion for Subpoena**

Jacobs filed a Motion for Subpoena [98], which Court construes as a request to reopen discovery to gather evidence in support of her Motion for Relief of Judgment [95]. District

courts may, in their discretion, allow a party to pursue post-judgment discovery when the moving party can make a "prima facie demonstration of success on the merits" or, alternatively, a "colorable claim." *See, e.g., Pearson v. First NH Mortg. Corp.*, 200 F.3d 30, 35 (1st Cir. 1999); *Midwest Franchise Corp. v. Metromedia Restaurant Group, Inc.*, 177 F.R.D. 438, 440 (N.D. Iowa 1997). Unlike discovery under Federal Rule of Civil Procedure 26(b), "a request for discovery for the purpose of attacking a final judgment involves considerations not present in pursuing discovery in a pending action prior to a judgment. Primary among these considerations is the public interest of the judiciary in protecting the finality of judgments." *H.K. Porter Co. v. Goodyear Tire &Rubber Co.*, 536 F.2d 1115, 1118 (6th Cir. 1976). When the movant alleges fraud under Rule 60(b)(3), courts should not reopen discovery without actual evidence of fraud: "our strong interest in the finality of judgments leads courts to intervene in a search for evidence of fraud only if there has been some showing that a fraud actually has occurred." *Duhaime v. John Hancock Mut. Life Ins. Co.*, 183 F.3d 1, 7-8 (1st Cir. 1999).

  Jacobs seeks a subpoena of documents from C T Corporation System, the custodian of Johnson Storage's ADP record-keeping system. Doc. 98. Jacobs claims in her Motion for a Subpoena that Johnson Storage altered its ADP report before producing the document in discovery. *Id.* Jacobs points to the incorrect date entry and the lack of an ADP logo on Johnson Storage's ADP report. *Id.* This evidence is not sufficient to show that Johnson Storage committed fraud by altering its ADP report. The report's entry of two consecutive days as "Thursday" does not indicate that Johnson Storage manually changed the hours on the report, and the missing ADP logo is meaningless without additional evidence on whether ADP reports always contain the logo. Jacobs presents no evidence "showing that a fraud has actually occurred," that would enable the Court to reopen discovery and disturb an otherwise final

11

judgment.  *See Duhaime*, 183 F.3d at 7-8.  In sum, Jacobs does not present evidence creating a colorable or prima facie claim for relief under Rule 60(b)(3).  The Court denies her Motion for Subpoena [98].

    **C.**    **Motion for Relief from Bill of Costs**

Jacobs also filed a Motion for Relief from Johnson Storage's Bill of Costs, presumably under Rule 60(b).  Doc. 103.  In her motion, she raises the same allegations as those in her Motion for Relief of Judgment [95] and seeks relief from all of Johnson Storage's costs.  Doc. 103.  For the reasons set forth above, the Court will not grant relief under Rule 60(b).  But Jacobs also seeks relief from Johnson Storage's costs because (1) the Court cannot grant costs to Johnson Storage after she filed her notice of appeal under Federal Rule of Civil Procedure 58(e), (2) Johnson Storage's Bill of Costs contains errors and non-allowable costs, and (3) her former attorney did not act in her best interest after the Court issued its summary judgment order.  Doc. 103.  The Court finds these arguments to be meritless and denies Jacobs's motion [103].

The Court granted Johnson Storage's motion for Bill of Costs on April 4, 2020.  Doc. 90.  Jacobs now seeks relief from these costs under Rule 60(b).  Doc. 103.  Courts view Rule 60(b) motions with disfavor and grant them only in "exceptional circumstances."  *See Rosebud Sioux Tribe*, 733 F.2d at 515; *Atkinson*, 43 F.3d at 371.  And Federal Rule of Civil Procedure 54(d)(1) provides that "costs…shall be allowed as a matter of course to the prevailing party unless the court otherwise directs."  Recoverable costs include (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters.  28 U.S.C. § 1920.  Rule 54(d) creates a presumption favoring the award of costs to the prevailing party.  *Computrol, Inc. v. Newtrend*, 203 F.3d 1064, 1072 (8th Cir. 2000).

First, Jacobs argues that Rule 58(e) prevents a district court from awarding costs once a party has filed a notice of appeal. Doc. 103 at p. 2, ¶ 1. She claims that the Court should not have awarded costs to Johnson Storage on April 6, 2020, because she had already filed her notice of appeal on March, 16, 2020. This argument is unpersuasive. Rule 58(e) allows a court to *extend the time for parties to appeal a judgment*, pending the outcome of a motion for attorney's fees:

> Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2), the *court may act before a notice of appeal* has been filed and become effective *to order that the motion have the same effect under Federal Rule of Appellate Procedure 4 (a)(4) as a timely motion under Rule 59*.

Fed. R. Civ. P. 58(e) (emphasis added). Under Federal Rule of Appellate Procedure 4(a)(4), certain motions may extend the deadline to file a notice of appeal. Jacobs's filing her notice of appeal had no bearing on the Court's ability to award costs under Rule 54(d)(1). *See Blakley v. Schlumberger Technology Corp.*, 648 F.3d 921, 930 (8th Cir. 2011) (district court may award costs after a party has filed a notice of appeal). The Court did not seek to extend Jacobs's time for appeal under Rule 58(e), therefore Rule 58(e) does not apply in this situation.

Second, Jacobs argues that Defendant's Bill of Costs contains errors and non-allowable costs, including unnecessary fees for service of subpoena, fees for deposition transcripts, and fees for obtaining tax records. Doc. 103 at p. 2, ¶ 2. Jacobs raised largely the same arguments in her Memorandum in Response to Johnson Storage's Bill of Costs. Doc. 85. The Court already addressed these arguments in its Memorandum and Order granting costs to Johnson Storage. Doc. 90. The Court found in its Memorandum and Order that fees for service of subpoena, deposition transcripts, and obtaining tax records were necessary for litigation of the case and that Johnson Storage reasonably incurred these costs. Doc. 90. Jacobs does not present

13

any additional evidence to show "exceptional circumstances," so the Court will not grant her relief from these costs.

Third, Jacobs argues that she should obtain relief due to excusable neglect by her former attorney, Bridget Halquist, because Halquist did not act in her best interest after the Court issued its summary judgment order. Doc. 103 at p. 4, ¶ 3. Jacobs requests relief from Johnson Storage's Bill of Costs because Halquist delayed filing her notice of appeal by 10 days, neglected to show Jacobs the memorandum in response to Johnson Storage's Bill of Costs [85] before filing it, and defied Jacobs's instructions by stipulating to Jacobs's responsibility for Johnson Storage's costs. As discussed above, excusable neglect under Rule 60(b)(1) deals with situations where an attorney accidentally misses a filing deadline or fails to comply with a court rule, not professional incompetence or carelessness. *Sutherland*, 710 F.2d at 476-77; *Noah*, 408 F.3d at 1045. Jacobs does not allege any conduct by Halquist that the Court can excuse under Rule 60(b)(1), nor does Halquist's conduct create "exceptional circumstances" justifying relief from these costs.

The Court also observes that Jacobs's filing of her notice of appeal did not implicate Johnson Storage's ability to recover costs under Rule 54(d)(1). Had Halquist filed the notice of appeal immediately after the Court's summary judgment order, Johnson Storage could still have recovered its costs, so Halquist's alleged delay did not harm Jacobs. *See* Fed. R. Civ. P. 54(d)(1). Jacobs also admits that on March 13, 2020, when Halquist offered to file a response to Johnson Storage's Motion for Bill of Costs, Jacobs replied: "I do not care what you do just as long as your response does not indicate that I am in any way responsible for these charges." Doc. 103 at p. 5, ¶ 3. Halquist filed Jacobs's response memorandum that same day. Doc. 85. The evidence does not support Jacobs's claim that Halquist acted against her interests by not

14

showing Jacobs the memorandum before filing it.  And Halquist did not stipulate to Jacobs's responsibility for Johnson Storage's costs in the memorandum.  Doc. 85.  The memorandum asks the Court to deny Johnson Storage's Bill of Costs and claims that Johnson Storage did not present sufficient evidence that the costs were necessarily incurred.  Doc. 85.  The Court awarded costs to Johnson Storage because it disagreed with Jacobs's assessment.  Doc. 90.  Thus, the court record and Jacobs's own admissions belie her claim that Halquist did not act in her best interest after the Court's summary judgment order.

### III.     Conclusion

Jacobs fails to present evidence of "exceptional circumstances" that would justify granting her relief under Rule 60(b).  Accordingly, the Court denies Jacobs's Motion for Relief of Judgment [95].  The Court also denies Jacobs's Motion for a Subpoena [98] and Motion for Relief from Defendant's Bill of Costs [103].  The Court denies Jacobs's Motion for Indicative Ruling [95] as moot; Jacobs's case is no longer on appeal, so the Court has jurisdiction to consider Jacobs's motion for relief of judgment.  *See* Fed. R. Civ. P. 62.1.

Jacobs filed a Motion for Order to Enter Evidence with the Eighth Circuit on July 7, 2020, but the Circuit Clerk transferred the motion to the District Court.  The Court construes Jacobs's motion [99] as an additional motion for relief from judgment under Rule 60(b).  Because the motion raises the very same issues as her Motion for Relief from Judgment [95], the Court denies the motion [99] for the same reasons.

Jacobs attempted to file a Motion to Vacate Order Denying Rehearing with the Eighth Circuit on January 4, 2021, but the Circuit Clerk dismissed the motion as successive under Eighth Circuit Local Rule 40A(c).  Jacobs filed the same motion with the District Court, which docketed it as a pending motion before the Court.  Doc. 96.  As the Eighth Circuit has already

disposed of the motion, the Court directs the Clerk of Court to terminate the motion [96] on the docket.

      Finally, the Court observes that Jacobs has filed four motions with the Court in the short time since her unsuccessful appeal and petition for rehearing.  Doc. 95, 96, 98, 103.  The Court acknowledges Jacobs's pro se status but cautions Jacobs against filing any additional post-judgment motions in an attempt to advance previously-filed motions or claims for relief.  Should Jacobs continue litigating this closed matter, the Court may interpret her actions as an attempt to abuse the judicial process and waste judicial resources.

So Ordered this 3rd day of March, 2021.

                                                    _SL R. CR_____
                                                    **STEPHEN R. CLARK**
                                                    **UNITED STATES DISTRICT JUDGE**